Frank C Bowers, Jr., J.
The within proceeding was initiated by petition and order to show cause by which the natural mother sought custody of her previously surrendered child. On January 28, 1976, pursuant to subdivision 4 of section 384 of the Social Services Law, judicial approval was sought and given of a surrender instrument by which the petitioner herein relinquished custody to the Department of Social Services of a child born to her on December 27, 1975, for the purpose of placement in a foster home for adoption. Subdivision 4 mandates that "No person who has received such notice [of the surrender] and been afforded an opportunity to be heard may challenge the validity of a surrender approved pursuant to this subdivision in any other proceeding.” Under subdivision 3 of the above section, the term "surrender” refers to an instrument (as above) for the commitment of the guardianship of the person and the custody of a child to an authorized agency by his parent.
It is the opinion of this court that the petitioner herein seeks not to challenge the validity of the surrender instrument, but rather seeks to proceed pursuant to the terms of the agreement, to wit: "I agree that pursuant to the provisions of Section 384 (5) of the Social Services Law no action or proceeding may be maintained by me for the custody of the surrendered child or to revoke or annul such surrender where the child has been placed in the home of adoptive parents and more than 30 days have elapsed since the execution of the *1003 surrender, or where the purpose of such action or proceeding is to return the child to or vest the child’s custody in any person other than me.” The petitioner is entitled to rely on the wording of the instrument she signed and which the Department of Social Services asked the court to approve. If a natural mother is to have her rights to her child foreclosed, strict compliance with the statute must be had and full effect given to the plain language of the documents executed. It is, therefore, apparent that there may be here no revocation of the surrender where 30 days have elapsed and where the child has been placed in the home of adoptive parents. We will consider these terms in inverse order.
The second paragraph of subdivision 5 of section 384 of the Social Services Law indicates that "For the purposes of this subdivision, no child shall be deemed to have been placed in the home of adoptive parents unless the fact of such placement, the date thereof, the date of the agreement pertaining thereto and the names and addresses of the adoptive parents shall have been recorded in a bound volume maintained by the agency for the purpose of recording such information in chronological order.” Since the surrender instrument specifically relates to subdivision 5 of section 384, we must, therefore, consider whether the placement has been accomplished pursuant thereto.
The testimony of Patricia DeMarchi, the agency caseworker involved herein, of Putnam County Social Services Commissioner John Sweeney, and a perusal of the bound volume quoted above leads this court to the conclusion that the requirements of the second paragraph of subdivision 5 of section 384 have not been met. On this basis, we would conclude that petitioner’s demand is effective.
We would further strengthen our conclusion by reference to the letter dated February 25, 1976, addressed to the Department of Social Services by which the petitioner gave notice of her election to revoke the surrender. The statute forecloses "maintainence” of proceedings following the lapse of 30 days. Where, as here, notice of revocation of the surrender and demand for return of the child has been given within the 30-day period, the time limitation of the statute has not barred the petitioner from maintaining this proceeding.
The court believes the surrender was effected pursuant to subdivision 4 of section 384 and believes that the function performed by the court, when the petitioner was before it on *1004 the petition of the Department of Social Services for approval of the surrender, was to approve the surrender instrument presented and executed. It did so. The instrument provided, as previously stated, a 30-day time period within which revocation would be possible. Pursuant to the terms of the approved instrument, the petitioner gave notice of change of mind within the permitted time limit. Such notice and a request for a return of the child effectively brought the petitioner within the time limit.
Therefore, under either the limitations of subdivision 5 of section 384 of the Social Services Law, or the limitations of the surrender agreement, approved in accordance with subdivision 4 of section 384, the petitioner has acted in a timely manner and is not barred from maintaining this proceeding.
The prospective adoptive parents may intervene pursuant to the third paragraph of subdivision 3 of section 384 of the Social Services Law by virtue of their having custody for the purpose of adoption through an authorized agency. The second paragraph of subdivision 5 of section 384 does not bar them even though full compliance with its requirements has not been met, for those requirements do not pertain to surrenders pursuant to subdivision 4 of section 384.
Accordingly, a hearing shall be held to determine the best interests of the child pursuant to subdivision 5 of section 383, in connection with which the court will order an investigation to be made by the Putnam County Probation Department.