■ In the Matter of EDWARD G. RADIMAK et al., Appellants, v MICHAEL F. NASSAR, as Commissioner of the Oneida County Department of Social Services, Respondent.—Order unanimously reversed on the law, without costs, and matter remitted to Oneida County Family Court for further proceedings in accordance with the following memorandum: Petitioners brought this proceeding for the return of their son, whom they had surrendered to the Oneida County Department of Social Services after executing a surrender for adoption instrument pursuant to Social Services Law § 384. Following an evidentiary hearing, Family Court determined that no fraud, duress or coercion had induced the surrender. The court did not consider the best interests of the child because petitioners had neither requested the return of their child nor brought this proceeding within 30 days of the execution of the instrument of surrender or before the child was placed for adoption.

Social Services Law § 384 (5) provides that parents who have executed an instrument of surrender may not maintain a proceeding for the return of their child (except on the ground of fraud, duress or coercion in the execution of the surrender) where the child has been placed in the home of adoptive parents and more than 30 days have elapsed since the execution of the surrender. Vital here is the second paragraph of subdivision (5): "For the purposes of this subdivision, no child shall be deemed to have been placed in the home of adoptive

parents unless the fact of such placement, the date thereof, the date of the agreement pertaining thereto and the names and addresses of the adoptive parents shall have been recorded in a bound volume maintained by the agency for the purpose of recording such information in chronological order."

Family Court found from the testimony of the person in charge of the adoption records that the fact of the child's placement, the date thereof, and the names of the adoptive parents were recorded in the bound volume, but that the date of the agreement and the address of the adoptive parents were not. It held, however, that the statute was substantially complied with and dismissed the petition. We reverse.

The statute is clear on its face; hence, there is no occasion for construction (see, McKinney's Cons Laws of NY, Book 1, Statutes § 92 [b]; Town of Putnam Val. v Slutzky, 283 NY 334, 343). The second paragraph of Social Services Law § 384 (5) requires that five specific items of information be recorded in the bound volume, and it expressly provides that "no child shall be deemed to have been placed in the home of adoptive parents" unless this is done (emphasis added). Statutory commands as to matters of content must be strictly complied with (Matter of Rhodes v Salerno, 57 NY2d 885, 887). The negative language of the statute leaves no room for the suggestion that it is directive; it is clearly mandatory (see, Matter of Douglass, 46 NY 42; McKinney's Cons Laws of NY, Book 1, Statutes § 171, pp 335-336). A mandatory construction is also required where, as here, the statute provides for the result that shall follow a failure to comply (82 CJS, Statutes, § 376, at 874).

Moreover, statutes relating to adoption are in derogation of the common law and must be strictly construed (Matter of Santacose, 271 App Div 11, 16; Matter of Linda F. M., 95 Misc 2d 581, 586, affd 72 AD2d 734, affd 52 NY2d 236; see also, People v Trowbridge, 305 NY 471, 476). Prior to the amendment of Social Services Law § 384, adding the present subdivision (5) (L 1972, ch 639, § 2), the surrendering parents had the right to apply to the court to restore custody until the child was adopted (People ex rel. Scarpetta v Spence-Chapin Adoption Serv., 28 NY2d 185, 190-191, cert denied sub nom. DeMartino v Scarpetta, 404 US 805). Before the parents may be foreclosed from exercising this right, strict compliance with the statute must be had (see, Matter of "Baby Boy P.", 85 Misc 2d 1001, 1003).

Because Family Court found that the command of the statute as to content was not strictly complied with, this proceeding should not have been dismissed without a hearing

to determine the best interests of the child *(see, Matter of "Baby Boy P.", supra).* We remit the matter to Family Court for that purpose. We note that the prospective adoptive parents may be entitled to intervene in the proceeding pursuant to Social Services Law § 384 (3). Should they intervene, they shall be entitled to a review of whether notations of their address and of the date of the surrender instrument were entered in the bound volume. If, upon proper proof, it is found that this information was properly entered, a best interest hearing will not be necessary. (Appeal from order of Oneida County Family Court, Pomilio, J.—custody.) Present—Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.