■ In the Matter of the TOWN OF BRIGHTON, by RICHARD D. WILES et al., Constituting the Town Board of the Town of Brighton, Petitioner, v STATE OF NEW YORK, OFFICE OF MEN-

tal Retardation and Developmental Disabilities, Respondent. Memorandum: After a hearing pursuant to Mental Hygiene Law § 41.34 (c) (5), the town challenged respondent's determination approving establishment of an intermediate care facility for the mentally disabled located in a residential area of Brighton, New York. Following a hearing respondent concluded: "The evidence in the record does not support a finding that the establishment of the proposed facility, in conjunction with any existing facilities, would substantially alter the nature and character of the Clover Hills area." We find that the Commissioner's determination is amply supported by substantial evidence in the record, and we therefore confirm it (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181).

The town's argument that the Commissioner's decision is void because rendered 51 days after the hearing instead of within 30 days as required by statute is without merit. This time limit is directory, not mandatory (Matter of Town of Oyster Bay v Webb, 111 AD2d 760). (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Galloway, J.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.