■ In the Matter of Eclipse Disco, Inc., Doing Business as Paled's, Appellant, v New York State Liquor Authority, Respondent.—Judgment, Supreme Court, New York County (Francis N. Pecora, J.), entered June 23, 1988, which denied petitioner's application and dismissed the petition for a judgment directing that the New York State Liquor Authority render a decision on its charges that petitioner sold alcoholic beverages to persons under the age of 21 years, and that it be enjoined from reopening the hearing, unanimously affirmed, without costs.

We agree with the Supreme Court that the Authority acted within its power pursuant to 9 NYCRR 54.4 (c) (3) in ordering the hearing reopened. Moreover, petitioner's assertion that the Authority has failed to render a determination within the statutory time period is meritless since the dictates of section 120 of the Alcoholic Beverage Control Law are directory, not mandatory *(see, Matter of Brenner v Bruckman,* 253 App Div 607, *appeal dismissed* 278 NY 503).

The determination to reopen the hearing was not only authorized by law (9 NYCRR 54.4 [c] [3]) but it cannot be said that such decision was irrational or arbitrary in any manner. *(See, Matter of Bates v Toia,* 45 NY2d 460, 464.) Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Rubin, JJ.