## In the Matter of JANUS PETROLEUM, INC., Petitioner, v NEW YORK STATE TAX APPEALS TRIBUNAL et al., Respondents.

Third Department, May 14, 1992

APPEARANCES OF COUNSEL

*Fischbein, Badillo, Wagner & Itzler (Norman R. Berkowitz* and *Kenneth G. Schwarz* of counsel), for petitioner.

*Robert Abrams, Attorney-General (John McConnell* and *Peter G. Crary* of counsel), for respondents.

**OPINION OF THE COURT**

CASEY, J.

The dispositive issue in this proceeding is whether petitioner is entitled to be registered as a distributor of diesel motor fuel because the notice of refusal to register was not issued within three months of petitioner's application for a hearing, as required by Tax Law § 283 (6) (a). We hold that the requirements of Tax Law § 283 (6) (a) are mandatory and, therefore, petitioner is entitled to be registered as a distributor of diesel motor fuel.

Article 12-A of the Tax Law imposes taxes on motor fuels, including diesel motor fuel. Among its provisions is the requirement that any person, firm, association or corporation seeking to do business as a diesel motor fuel distributor must apply to be registered as such with the Department of Taxation and Finance *(see,* Tax Law § 283). A notice of proposed refusal to register must "be issued promptly after application for registration is received" and a hearing must be scheduled "[u]pon timely application therefor" (Tax Law § 283 [6] [a]). The statute further requires that within three months of the application for a hearing, the Commissioner of Taxation and Finance must either register the applicant or issue a notice of refusal to register (§ 283 [6] [a]). The statute expressly provides: "If the [Commissioner] fails to issue a notice of refusal to register within [the] three-month period (or such period as extended pursuant to this subdivision), the [Commissioner] shall register the applicant immediately upon the conclusion of such period so long as such applicant has filed the bond or other security required by the [Commissioner] in the amount fixed" (§ 283 [6] [a]). It is undisputed that the three-month requirement was not complied with in this case.

Although the Legislature's use of mandatory language, such as shall or must, is not conclusive, "such a word of command is ordinarily construed as peremptory in the absence of circumstances suggesting a contrary legislative intent" *(People v Schonfeld,* 74 NY2d 324, 328). A different rule, however, has evolved from cases involving statutory time limitations im-

posed on administrative agencies: "The courts have repeatedly held that unless the language used by the Legislature shows that the designation of time was intended as a limitation on the power of the body or officer, the provision is directory rather than mandatory" *(Matter of Grossman v Rankin,* 43 NY2d 493, 501). These rules of statutory construction are of limited value, however, for "the line between mandatory and directory statutes cannot be drawn with precision" *(People v Karr,* 240 NY 348, 351; *accord, Matter of King v Carey,* 57 NY2d 505, 513). "The inquiry involves a consideration of the statutory scheme and objectives to determine whether the requirement for which dispensation is sought by the government may be said to be an 'unessential particular' * * * or, on the other hand, relates to the essence and substance of the act to be performed and thus cannot be viewed as merely directory" *(Matter of King v Carey, supra,* at 513).

It is our view that the three-month requirement of Tax Law § 283 (6) (a) falls into the latter category *(see, supra; see also, Matter of Gonkjur Assocs. v Abrams,* 57 NY2d 853). In contrast to those cases involving statutes which impose mere time limitations within which an administrative determination is to be made *(see, Matter of Eclipse Disco v New York State Liq. Auth.,* 155 AD2d 304; *Matter of Paino v Webb,* 152 AD2d 699; *Matter of Clifford v New York State Employees Retirement Sys.,* 123 AD2d 1, 4-5), Tax Law § 283 (6) (a) requires the performance of one or the other of two specified acts within a three-month period and provides that, upon the failure to perform one of the specified acts within that three-month period, the other act shall be performed. The Legislature's inclusion of the specific consequence to flow from the administrative agency's failure to act within the time limit establishes that the time limit was not a mere unessential particular and, therefore, cannot be viewed as directory *(see, Matter of Radimak v Nassar,* 119 AD2d 978, 979; *Matter of 400 Delaware Ave. Prop. Co. v State of N. Y. Div. of Hous. & Community Renewal,* 105 AD2d 1046; *see also, Matter of Seaboard Contr. & Material v Department of Envtl. Conservation,* 132 AD2d 105, 108-109).

Respondent Tax Appeals Tribunal rejected petitioner's claim that it was entitled to be registered pursuant to Tax Law § 283 (6) (a), concluding that the statutory purpose of the time limitation, to prevent the disruption of an existing business while the application to register is pending, was satisfied by the Department's issuance of a series of temporary

authorizations which allowed petitioner to continue its business operations during the pendency of the administrative proceeding. Assuming that the Tribunal correctly determined the purpose of the time limitation, we conclude that the Department's adoption of a procedure which purportedly serves that purpose cannot divest petitioner of the benefit provided by Tax Law § 283 (6) (a). The statute, which is clear and unambiguous, specifies the procedure to be followed; it leaves no room for the Department to devise an alternate procedure.

We reject the argument in respondents' brief that, pursuant to Tax Law § 282-a (5), the Commissioner was authorized to modify the provisions of Tax Law § 283 (6) (a). The Commissioner is authorized to modify the provisions of Tax Law article 12-A "as may be necessary to adapt the language of such provisions to the tax imposed by this section" (Tax Law § 282-a [5]). There is nothing in the record to suggest that the Commissioner made any determination that the alteration of the three-month period within which to issue a notice of refusal to register petitioner as a distributor of diesel motor fuel was necessary to impose the excise tax authorized by Tax Law § 282-a. Nor is there any merit in respondents' claim that this case falls within the rule that " '[t]he letter of a statute is not to be slavishly followed when it leads away from the true intent and purpose of the Legislature' " *(Matter of Diamond Term. Corp. v New York State Dept. of Taxation & Fin.,* 158 AD2d 38, 44, *lv denied* 76 NY2d 711, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 111, at 226-227). Adherence to the "letter" of Tax Law § 283 (6) (a) requires that petitioner be registered as a diesel motor fuel distributor, which is clearly what the Legislature intended as the consequence of the agency's failure to issue a notice of refusal to register within the three-month period.

The Tribunal's determination also refers to the fact that the three-month time limitation of Tax Law § 283 (6) (a) was never amended to reflect the two-step review process adopted by Tax Law article 40. The Tribunal's concern apparently relates to the inclusion of any appeal to the Tribunal in the three-month period of the time limitation. Tax Law § 2026, which was enacted along with the provisions creating the two-step review process (L 1986, ch 282, § 14), expressly provides rules for construing references to the State Tax Commission throughout the Tax Law based upon the context in which the term appears. Applying these rules, it is clear that an appeal to the

Tribunal is not included in the three-month limitation of Tax Law § 283 (6) (a).

Respondents claim in their brief that petitioner benefited from its continued operation under the interim authorizations during the pendency of the administrative proceeding without protest and, therefore, should not be permitted to challenge the procedure. Respondents are apparently of the view that petitioner was required to reject the interim authorizations and cease doing business as a prerequisite to respondents' compliance with the requirements of Tax Law § 283 (6) (a). Regardless of the dubious merits of this claim, we need not consider it because it was not a ground relied upon by the Tribunal in the determination under review *(see, Matter of Aronsky v Board of Educ.,* 75 NY2d 997; *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 593).

The determination should be annulled and the matter remitted to respondents for the purpose of registering petitioner as required by Tax Law § 283 (6) (a).

MERCURE, J. P., CREW III, MAHONEY and HARVEY, JJ., concur.

Adjudged that the determination is annulled, with costs, petition granted and matter remitted to respondents for further proceedings not inconsistent with this court's decision.