■ In the Matter of GEORGE J. MEYERS, as Supervisor of the Town of New Windsor, Petitioner, v THOMAS A. MAUL, as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, Respondent. [671 NYS2d 848] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request to prohibit the establishment of a community residential facility in the Town of New Windsor for developmentally disabled adults.

By letter dated November 27, 1996, Crystal Run Village Inc., as a contractee to the Office of Mental Retardation and Developmental Disabilities, notified petitioner of its intent to establish an "Individualized Residential Alternative" for six developmentally disabled adults at a site located in the Town of New Windsor, Orange County. Petitioner voiced objection to the proposal in December 1996 and, in January 1997, the Town Board of the Town of New Windsor adopted a resolution opposing the project, asserting that the establishment of such a residential facility would, among other things, substantially alter the nature and character of the surrounding community.

Thereafter, in February 1997, a hearing was held before respondent's designee, at which time testimony was received regarding, inter alia, the nature of the underlying proposal, the criteria utilized for site selection and the potential loss of tax revenue to the Town. In April 1997, respondent overruled petitioner's objection to the project and directed that the residential facility could be established at the proposed site. Petitioner thereafter commenced this proceeding pursuant to

CPLR article 78, subsequently transferred to this Court, to challenge respondent's determination.

Petitioner primarily contends that respondent's determination should be vacated because it was not issued within 30 days of the February 1997 hearing as required by Mental Hygiene Law § 41.34 (c) (5). We cannot agree. Absent an express limitation upon the power of a particular agency to act after the expiration of the relevant statutory period, the time limits within which an administrative agency must act generally are construed as discretionary (*see, Matter of Court Reporting Inst. v New York State Educ. Dept.*, 237 AD2d 1, 3-4). In other words, "unless the language used by the Legislature shows that the designation of time was intended as a limitation on the power of the body or officer, the provision is directory rather than mandatory" (*Matter of Grossman v Rankin*, 43 NY2d 493, 501), even where, as here, the word "shall" is used in the statute (*see, Matter of Court Reporting Inst. v New York State Educ. Dept., supra*, at 4).

As a review of Mental Hygiene Law § 41.34 reveals no express limits on respondent's authority to act after expiration of the 30-day period set forth in Mental Hygiene Law § 41.34 (c) (5), we conclude that the time limit imposed is directory, not mandatory, in nature (*see, Matter of Paino v Webb*, 152 AD2d 699; *Matter of Town of Brighton v State of New York, Off. of Mental Retardation & Dev. Disabilities*, 124 AD2d 968; *Matter of Town of Oyster Bay v Webb*, 111 AD2d 760; *Town of Pleasant Val. v Wassaic Dev. Disabilities Servs. Off.*, 92 AD2d 543). Accordingly, petitioner is not entitled to have respondent's determination vacated on this basis. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.