FOURTH DEPARTMENT, DECEMBER, 1999

(December 30, 1999)

■ In the Matter of NELSON'S LAMP LIGHTERS, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents. (Appeal No. 1.) [701 NYS2d 681] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: We reject petitioners' contention that the claims of respondent New York State Department of Labor (Department) are barred by the six-month Statute of Limitations in Labor Law § 220

(7). That period is directory, not mandatory, and thus delay beyond the six-month period, standing alone, does not warrant dismissal (*see, Matter of Cayuga-Onondaga Counties Bd. of Coop. Educ. Servs. v Sweeney*, 224 AD2d 989, *affd* 89 NY2d 395, *rearg denied* 89 NY2d 1031; *see also, Matter of Meyers v Maul*, 249 AD2d 796, *lv denied* 92 NY2d 807).

The contention that the claims of the Department are barred by the Statute of Limitations in CPLR 214 (2) was not raised at the agency level. Thus, administrative remedies have not been exhausted, and this Court has no discretionary power to reach that contention (*see, Matter of Nelson v Coughlin*, 188 AD2d 1071, *appeal dismissed* 81 NY2d 834).

The failure of the Department to proceed expeditiously (*see,* Labor Law § 220 [8]) is not a ground for dismissal absent substantial actual prejudice attributable to the delay (*see, Matter of Diaz Chem. Corp. v New York State Div. of Human Rights*, 91 NY2d 932, 933; *Matter of Corning Glass Works v Ovsanik*, 84 NY2d 619, 623-624). On this record, we conclude that petitioners have not demonstrated substantial actual prejudice.

The contention of petitioner Nelson's Lamp Lighters, Inc. (Nelson's) that it did not receive a credit of $13,135.20 for supplements previously paid is without merit. The record establishes that in the Hearing Officer's report, which respondent Commissioner adopted, Nelson's was credited for that amount. Nelson's also failed to establish that the classification of its employees as electricians by the Department did not reflect the nature of the actual work performed by such employees. Thus, the determination of the Commissioner in that respect will not be disturbed (*see, Matter of Marangos Constr. Corp. v New York State Dept. of Labor*, 216 AD2d 758, 758-759). We further conclude that the Commissioner's assessment of interest against Nelson's, which excluded those periods attributable to the Department's unreasonable delay in processing the case, was appropriate (*see, Matter of Passucci Gen. Constr. Co. v Hudacs*, 221 AD2d 987, 988, *lv denied* 87 NY2d 811).

Finally, we conclude that the contention of petitioners Sarbro Realty Corporation (Sarbro) and Sarco Industries, Inc. (Sarco) that the Department's claims should be dismissed against them because of bias on the part of the Department is without merit. The record does not establish bias against Sarbro and Sarco or, in any event, that the outcome of the hearing flowed from any alleged bias (*see, Matter of Hughes v Suffolk County Dept. of Civ. Serv.*, 74 NY2d 833). (Original Proceeding

Pursuant to CPLR art 78.) Present—Denman, P. J., Pine, Wisner, Pigott, Jr., and Callahan, JJ.