*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                    518752
_____

In the Matter of LUIS PENA,
                    Respondent,

        v

NEW YORK STATE GAMING                    MEMORANDUM AND ORDER
    COMMISSION,
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  February 20, 2015

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

                    _____

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M. Arnold of counsel), for appellant.

        Meyer, Suozzi, English & Klein, PC, Garden City (Andrew J. Turro of counsel), for respondent.

                    _____

Rose, J.

        Appeals (1) from a judgment of the Supreme Court (Reilly Jr., J.), entered October 9, 2013 in Schenectady County, which partially granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, by directing the dismissal of the administrative charges against petitioner, and (2) from a judgment of said court, entered January 28, 2014 in Schenectady County, which granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, enjoin respondent from taking further administrative action against him based on the allegations

underlying the administrative charges.

Petitioner is a licensed trainer and owner of harness racehorses in New York. Based upon charges that he was illegally drugging his horses, the New York State Racing and Wagering Board summarily suspended his license in May 2012.[1] The matter then proceeded to an administrative hearing in August 2012. In February 2013, petitioner commenced a combined CPLR article 78 proceeding and declaratory judgment action seeking to, among other things, vacate the suspension of his license based on respondent's failure to render a determination within 30 days after the hearing pursuant to Racing, Pari-Mutuel Wagering and Breeding Law § 321. Supreme Court granted petitioner a temporary restraining order reinstating his license pending a determination and, when respondent had yet to make a determination after a full year following the hearing, Supreme Court granted an October 2013 judgment, denominated as a decision and order, directing respondent to dismiss the charges brought against petitioner. Soon thereafter, respondent obtained its delinquent Hearing Officer's overdue report and sought to finally determine the administrative proceeding. Petitioner then commenced the second combined proceeding and declaratory judgment action seeking a declaration that respondent lacked authority to take any further action against him. Supreme Court granted that relief in a judgment entered in January 2014. Respondent appeals from both judgments.

We agree with respondent's argument that the 30-day provision found in the statute is not a mandatory time limit and, therefore, in the absence of any substantial prejudice to petitioner, dismissal of the charges against him was not warranted. Where, as here, a statute imposes a time limit within which an administrative agency is to act, such a provision will be considered directory, rather than mandatory, "unless the language used by the Legislature shows that the designation of time was intended as a limitation on the power of the body or

_____

[1] In February 2013, the Board merged into respondent, the New York State Gaming Commission (see Racing, Pari-Mutuel Wagering and Breeding Law § 102).

officer" (Matter of Grossman v Rankin, 43 NY2d 493, 501 [1977]; accord Matter of Janus Petroleum v New York State Tax Appeals Trib., 180 AD2d 53, 55 [1992]). Such a determination requires consideration of the language of the statute and the legislative intent (see Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist., 80 NY2d 531, 536 [1992]; Matter of King v Carey, 57 NY2d 505, 513 [1982]).

Racing, Pari-Mutuel Wagering and Breeding Law § 321 provides that, when respondent suspends a harness racing participant's license, the licensee may demand a hearing and, "[w]ithin thirty days after the conclusion of such hearing, [respondent] shall make a final order in writing." The use of "shall" is not conclusive, however, inasmuch as the statute does not impose any limitation on respondent's power to act or provide for any consequences for the failure to comply with the time limit (see Matter of Grossman v Rankin, 43 NY2d at 501; Matter of Janus Petroleum v New York State Tax Appeals Trib., 180 AD2d at 54-55; Matter of 400 Delaware Ave. Prop. Co. v State of N.Y. Div. of Hous. & Community Renewal, 105 AD2d 1046, 1046-1047 [1984]). Nor has petitioner cited any legislative history, and we are not aware of any, suggesting that the 30-day provision in the statute was intended to be mandatory. Rather, at the time this provision was enacted, similar language in the Alcoholic Beverage Control Law had been judicially determined to be directory (see Matter of Brenner v Bruckman, 253 App Div 607, 609-610 [1938], appeal dismissed 278 NY 503 [1938]), yet the Legislature imposed no additional language limiting respondent's power to act when it later enacted Racing, Pari-Mutuel Wagering and Breeding Law § 321.

Where, as here, an agency fails to follow a procedural provision that is merely directory, the subsequent determination should only be judicially annulled when the challenger can "show that substantial prejudice resulted from the agency's noncompliance" (Matter of Dudley Rd. Assn. v Adirondack Park Agency, 214 AD2d 274, 279 [1995], lv dismissed and denied 87 NY2d 952 [1996]; see Matter of Corning Glass Works v Ovsanik, 84 NY2d 619, 624 [1994]; Matter of ELG Utica Alloys, Inc. v Department of Envtl. Conservation, 116 AD3d 1200, 1203 [2014], appeal dismissed 24 NY3d 929 [2014]). "The passage of time, standing alone, does

not . . . serve as a basis for judicial intervention . . . into the administrative process" (Matter of Cortlandt Nursing Home v Axelrod, 66 NY2d 169, 177 [1985] [citations omitted], cert denied 476 US 1115 [1986]).  Petitioner's challenge here does not suggest in any way that the posthearing delay has handicapped him in answering the charges or mounting a defense.  Further, his claim that he is prejudiced by his inability to earn a living as a harness racehorse trainer and owner has been ameliorated by Supreme Court's lifting of his summary suspension,[2] and any stigma attached to petitioner as a result of the charges would have existed regardless of any delay in rendering the decision. Accordingly, we cannot agree that petitioner sustained substantial prejudice so as to require annulment of any administrative action against him, and the judgments must be reversed.

Lahtinen, J.P., Garry and Devine, JJ., concur.


ORDERED that the judgments are reversed, on the law, without costs, and petitions dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2]   Respondent has expressly agreed that petitioner's license will remain in effect pending the final administrative determination.