Matter of 989 Hempstead Turnpike, LLC v Town Bd. of the Town of Hempstead (2023 NY Slip Op 01791)

Matter of 989 Hempstead Turnpike, LLC v Town Bd. of the Town of Hempstead

2023 NY Slip Op 01791

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2020-04708
 (Index No. 616855/19)

[*1]In the Matter of 989 Hempstead Turnpike, LLC, et al., appellants, 
v
Town Board of the Town of Hempstead, et al., respondents-respondents, et al., respondent.

McLaughlin & Stern, LLP, Garden City, NY (Christian Browne of counsel), for appellants.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Joseph E. Macy and Daniel J. Evers of counsel), for respondents-respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Hempstead dated October 2, 2019, which, after a hearing, adopted the recommendation of the Town of Hempstead Landmarks Preservation Commission and designated as a historic landmark the premises known as the Franklin Square Movie Theatre, and action to recover damages for civil rights violations pursuant to 42 USC §§ 1983 and 1985, the petitioners/plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered June 16, 2020. The judgment, in effect, denied so much of the petition/complaint as was pursuant to CPLR article 78, and dismissed those portions of the proceeding/action which were pursuant to CPLR article 78.
ORDERED that the judgment is affirmed, with costs.
In 2018, an application was submitted to the respondent/defendant Town of Hempstead Landmarks Preservation Commission (hereinafter the Commission) to designate the Franklin Square Movie Theatre (hereinafter the Theatre) as a historic landmark. On February 26, 2019, the Commission held a formal public hearing on the application, after which, it voted unanimously to recommend that the respondent/defendant Town Board of the Town of Hempstead (hereinafter the Town Board) grant the Theatre landmark status, based upon, inter alia, "the architectural and historical value" of the Theatre, which was "built in the early 1900's" and the exterior of which "retain[ed] its character and deco design." By determination dated October 2, 2019, after a public hearing, the Town Board adopted the Commission's recommendation.
Thereafter, the Theatre's owner, the petitioner/plaintiff 989 Hempstead Turnpike, LLC, along with an adjacent property owner (hereinafter together the petitioners), commenced this hybrid proceeding pursuant to CPLR article 78 to annul the Town Board's determination, and action to recover damages for civil rights violations pursuant to 42 USC §§ 1983 and 1985. By judgment entered June 16, 2020, the Supreme Court, in effect, denied so much of the petition/complaint as was pursuant to CPLR article 78, and dismissed those portions of the proceeding/action which were [*2]pursuant to CPLR article 78. The petitioners appeal.
We reject the petitioners' contention that the Town Board's determination must be set aside because the Town Board failed to call a public hearing within 90 days of the Commission's approval of the landmark application as provided for in Code of the Town of Hempstead § 76-6(C). "Where, as here, [a local law] imposes a time limit within which an administrative agency is to act, such a provision will be considered directory, rather than mandatory, 'unless the language used by the [legislative body] shows that the designation of time was intended as a limitation on the power of the [administrative] body or officer'" (Matter of Pena v New York State Gaming Commn., 127 AD3d 1287, 1289, quoting Matter of Grossman v Rankin, 43 NY2d 493, 501; see Matter of Maria PP. v Commissioner of NYS Off. of Children & Family Servs., 162 AD3d 1297, 1298). The use of the term "shall" in such a provision is not conclusive (Matter of Pena v New York State Gaming Commn., 127 AD3d at 1289 [internal quotation marks omitted]; Figueroa v Market Training Inst., 167 AD2d 503, 506 [internal quotation marks omitted]).
Here, we agree with the Town Board that the time limit at issue is directory, as it does not "relate[ ] to the essence and substance of the act to be performed"; there are no consequences provided for the failure to comply with the time limit; and the petitioners have not cited any legislative history suggesting that the time limit for calling the public hearing was intended to be mandatory (Town of Pleasant Val. v Wassaic Dev. Disabilities Servs. Off., 92 AD2d 543, 544, quoting Matter of King v Carey, 57 NY2d 505, 513; see Matter of Pena v New York State Gaming Commn., 127 AD3d at 1289). Furthermore, there has been no showing of substantial prejudice (see Matter of Sarkisian Bros. v State Div. of Human Rights, 48 NY2d 816, 818; Matter of County of Suffolk v Gioia, 96 AD2d 220, 225). Accordingly, the delay in calling the public hearing did not render the Town Board's determination invalid (see Matter of Pena v New York State Gaming Commn., 127 AD3d at 1288-1289; Matter of James H. Rambo, Inc. v Jorling, 177 AD2d 577, 578).
Contrary to the petitioners' further contention, the fact that the Town Board did not make specific findings of fact does not invalidate its determination since it can be adequately ascertained from a review of the record that the determination had a rational basis (see Matter of Fischer v Markowitz, 166 AD2d 444, 445; Buitenkant v Robohm, 122 AD2d 791, 791; see also Matter of Monroe Beach, Inc. v Zoning Bd. of Appeals of City of Long Beach, N.Y., 71 AD3d 1150, 1151). The record sufficiently established that the Theatre constitutes a "landmark" within the meaning of Code of the Town of Hempstead § 76-1, in that it possesses historical value and aesthetic interest by reason of its antiquity, uniqueness of architectural design, and its place within the development, heritage, and cultural characteristics of the Town of Hempstead (see id.). Under these circumstances, the Supreme Court properly concluded that the Town Board's determination was not arbitrary and capricious or an abuse of discretion (see Matter of Mastroianni v Strada, 173 AD2d 827, 828).
Furthermore, we reject the petitioners' contention that the Town Board's determination should be annulled because two members of the Town Board previously had expressed support for the landmark application. The record indicates that the Town Board's determination flowed from the evidence presented at the public hearing rather than any alleged bias (see Matter of Warder v Board of Regents of Univ. of State of N.Y., 53 NY2d 186, 197; Matter of Heisler v Scappaticci, 81 AD3d 954, 955; Matter of Yoonessi v State Bd. for Professional Med. Conduct, 2 AD3d 1070, 1071).
Accordingly, the Supreme Court properly, in effect, denied so much of the petition/complaint as was pursuant to CPLR article 78, and dismissed those portions of the proceeding/action which were pursuant to CPLR article 78.
IANNACCI, J.P., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court