Matter of Hannah DD. v Neifeld (2024 NY Slip Op 05167)

Matter of Hannah DD. v Neifeld

2024 NY Slip Op 05167

Decided on October 17, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 17, 2024

CV-23-0832
[*1]In the Matter of Hannah DD., Individually and as Guardian of Justice DD., et al., Petitioners,
v
Kerri E. Neifeld, as Commissioner of the Office for People with Developmental Disabilities, Respondent.

Calendar Date:September 6, 2024

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, Ceresia and Powers, JJ.

O'Connell and Aronowitz, Albany (Michael Y. Hawrylchak of counsel), for petitioners.
Letitia James, Attorney General, Buffalo (Sarah L. Rosenbluth of counsel), for respondent.

Powers, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding that the proposed placement and plan of services for Justice DD. was appropriate to meet his essential needs.
Justice DD. (hereinafter the subject individual) is a 26-year-old individual with "profound intellectual disability," autism spectrum disorder and seizure disorder, who is nonverbal and has a history of harming himself and others. This self-injurious behavior has resulted in certain injuries, including a detached retina in his right eye leading to blindness in that eye and "cauliflower ears" causing partial deafness. In 2015, after being unable to locate a placement within New York, the subject individual was placed under transitional care at the Judge Rotenberg Educational Center (hereinafter JRC) in Massachusetts, where he presently resides. In July 2021, the Office for People with Developmental Disabilities (hereinafter OPWDD) notified petitioners that an alternative placement within New York had become available and provided petitioners with a Notice of Proposed Placement. Upon receipt thereof, petitioners objected to this placement and exercised their right to an administrative hearing, which was held on five separate days from October 20, 2021 to November 1, 2021. On November 22, 2021, the Hearing Officer issued a report and recommendation to sustain petitioners' objections and found that the proposed placement plan was not appropriate to meet the subject individual's essential needs. However, in a determination issued almost a year later, on November 16, 2022, respondent rejected the Hearing Officer's recommendation and found that the proposed placement plan was appropriate to meet the subject individual's essential needs. Petitioners commenced this CPLR article 78 proceeding to annul respondent's determination, which proceeding was transferred to this Court (see CPLR 7804 [g]).
As a recipient of transitional care, upon determining that there was an appropriate adult care facility available for placement of the subject individual, OPWDD was required to notify the subject individual and petitioners "of the description of the proposed new placement" and their right to take an administrative appeal (Mental Hygiene Law § 13.38 [e]). OPWDD did so, and, as stated above, petitioners administratively appealed this determination and a hearing was held. Pursuant to Mental Hygiene Law § 13.38 (e), "the [C]ommissioner or his or her designee shall issue a written determination to the objecting party within [30] days of the adjournment of the hearing, on whether the adult placement identified by the office is appropriate to the needs of the person and is available or will become available on an identified date certain" (see 14 NYCRR 633.21 [a] [5]).
While generally indicating a mandatory requirement, the use of the word "shall" in reference to a time limit imposed upon an administrative [*2]agency or official is directory, rather than mandatory, "unless the language used by the Legislature shows that the designation of time was intended as a limitation on the power of the body or officer" (Matter of Grossman v Rankin, 43 NY2d 493, 501 [1977]; see Matter of 989 Hempstead Turnpike, LLC v Town Bd. of the Town of Hempstead, 215 AD3d 668, 670 [2d Dept 2023], lv denied 40 NY3d 903 [2023]; Matter of Brownell v New York State Justice Ctr. for the Protection of People with Special Needs, 212 AD3d 998, 1001 [3d Dept 2023]). Thus, despite the Legislature's use of the word "shall" in specifying that respondent is to issue a determination within 30 days of adjournment of the hearing, this language was merely directory based upon the absence of any "specific consequence to flow from the administrative agency's failure to act in violation of the time limit" (Matter of Maria PP. v Commissioner of NYS Off. of Children & Family Servs., 162 AD3d 1297, 1298 [3d Dept 2018] [internal quotation marks and citation omitted]; see Matter of Brownell v New York State Justice Ctr. for the Protection of People with Special Needs, 212 AD3d at 1001; see also Mental Hygiene Law § 41.34 [c] [5]; Matter of Meyers v Maul, 249 AD2d 796, 797 [3d Dept 1998], lv denied 92 NY2d 807 [1998]).
"When an administrative body fails to comply with procedural provisions that are merely directory, relief will be granted only if petitioners show that substantial prejudice resulted from the noncompliance" (Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist., 80 NY2d 531, 535 [1992] [citations omitted]; see Matter of McMillian v Krygier, 197 AD3d 800, 802 [3d Dept 2021]; Matter of Pena v New York State Gaming Commn., 127 AD3d 1287, 1289 [3d Dept 2015], appeal dismissed 25 NY3d 1059 [2015], lv denied 26 NY3d 903 [2015]). We find that petitioners have made such a showing here and, as a result, respondent "must face the consequences of [her] delays" (Matter of McMillian v Krygier, 197 AD3d at 803 [internal quotation marks and citation omitted]; compare Matter of Pena v New York State Gaming Commn., 127 AD3d at 1290).
Respondent asserts repeatedly that the delay was "less than a year" and that it did not impact petitioners' ability to present a defense. However, respondent's delay in issuing a final determination was merely days shy of a full year from the issuance of the Hearing Officer's report and recommendation and over a year after the close of the administrative hearing. Although this may not be as excessive as those found to have been violative previously (see generally Matter of New York State Dept. of Corr. & Community Supervision v New York State Div. of Human Rights, 137 AD3d 1512, 1514 [3d Dept 2016]; Matter of Annex Hotel v New York State Div. of Human Rights, 45 AD3d 360, 361 [1st Dept 2007], lv denied 10 NY3d 715 [2008]) — and while not impacting petitioners' ability to present a defense during the administrative hearing — this passage of time resulted in respondent's [*3]determination no longer being based upon the subject individual's current condition, which, petitioners assert without contradiction, has deteriorated markedly since the administrative hearing. In a matter such as this where the condition and needs of the subject individual are of the utmost importance and subject to change, respondent must do her best to render a timely determination — which was not accomplished here. As such, we find that petitioners have demonstrated that they were substantially prejudiced by respondent's delay in issuing a final determination and, as such, annulment is required.
Garry, P.J., Egan Jr., Reynolds Fitzgerald and Ceresia, JJ., concur.
Adjudged that the determination is annulled, without costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.