Matter of Guerrero v Martuscello (2026 NY Slip Op 01263)

Matter of Guerrero v Martuscello

2026 NY Slip Op 01263

Decided on March 5, 2026

Appellate Division, Third Department

McShan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 5, 2026

CV-24-1816

[*1]In the Matter of Isiah Guerrero, Appellant,
vDaniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:January 9, 2026

Before: Clark, J.P., Pritzker, McShan and Powers, JJ.

Prisoners' Legal Services of New York, Albany (Sophia Heller of counsel), for appellant.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondent.

McShan, J.
Appeal from a judgment of the Supreme Court (Roger McDonough, J.), entered October 7, 2024 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
On December 7, 2023, petitioner, an incarcerated individual, was charged in a misbehavior report with assaulting staff, mandatory meal absence, engaging in violent conduct, interfering with an employee and refusing a direct order. According to the misbehavior report, petitioner refused to leave his cell to go to the mess hall, refused orders to stand up, placed obstructions in his cell door to prevent it from fully opening and then struck a correction officer who had entered his cell. Petitioner was also observed placing an unknown object in his mouth. Shortly thereafter, upon being removed from his cell, a correction officer frisked petitioner and recovered a sharpened toothbrush with a cloth-wrapped handle from petitioner's boot. As a result, petitioner was charged in a second misbehavior report with possessing a weapon, possessing contraband and possessing an altered item. Following a determination that petitioner met the standard for prehearing confinement, petitioner was placed, on December 8, 2023, in the Special Housing Unit (hereinafter SHU), where he remained until the completion of his tier III disciplinary hearing, at which time a Hearing Officer found him guilty of all of the charges and imposed a confinement penalty of 730 days in the SHU with a corresponding penalty of 180 days of loss of privileges. Petitioner was then transferred to a residential rehabilitation unit (hereinafter RRU).
Upon administrative appeal, petitioner argued, among other things, that his hearing was untimely because it should have been commenced and completed within five days of his placement in the SHU. The determination of guilt was upheld upon review, but the penalty confining petitioner in the SHU was reduced to 365 days. This CPLR article 78 proceeding ensued, alleging that respondent failed to timely commence and finish the disciplinary hearing because petitioner was placed and remained in the SHU for 14 days before his hearing concluded. In an October 2024 written decision and judgment, Supreme Court dismissed the petition, finding that petitioner failed to preserve his timeliness claim by failing to raise it at the hearing when the Hearing Officer could have cured any such issue. Petitioner appeals.
As relevant here, the Humane Alternatives to Long-Term Solitary Confinement Act (L 2021, ch 93 [hereinafter the HALT Act]) requires, among other things, that all disciplinary hearings occur "prior to placement in segregated confinement unless a security supervisor, with written approval of a facility superintendent or designee, reasonably believes the person fits the specified [statutory] criteria for segregated confinement" (Correction Law § 137 [6][*2][l]; see also Correction Law § 137 [6] [k] [ii]). In cases where, such as here, an incarcerated individual is placed in prehearing segregated confinement, the disciplinary hearing "shall occur as soon as reasonably practical and at most within five days of such placement unless the charged person seeks a postponement of the hearing" (Correction Law § 137 [6] [l]). Conforming language is contained in the Department of Corrections and Community Supervision's regulations, which provide that, "[w]here an incarcerated individual is subject to a superintendent's hearing, the hearing must be completed within five days of such placement in segregated confinement, unless the subject incarcerated individual requests a postponement for the purposes of seeking employee assistance and/or representation" (7 NYCRR 251-5.1 [a]; see also Dept of Corr & Community Supervision, Standards Behavior & Allowances, Directive No. 4932 [Nov. 1, 2023]).[FN1]
The sequence and timing of events are not disputed: following issuance of the two misbehavior reports on December 7, 2023, petitioner was placed under observation in the mental health unit for contraband watch that same day. The following day, petitioner was released from the mental health unit and placed in the SHU. A tier III disciplinary hearing was commenced 13 days later, well beyond the permitted five day prehearing period of his confinement in SHU (see Correction Law § 137 [6] [l]; 7 NYCRR 251-5.1 [a]).
Petitioner contends that Supreme Court erred in dismissing his petition on the basis that he failed to preserve his contention. Petitioner further contends that the time frames articulated in Correction Law § 137 (6) (l) and 7 NYCRR 251-5.1 are mandatory and, accordingly, warrant annulment of the discipline imposed. Respondent, in turn, contends that petitioner failed to preserve his argument, as the timeliness of the hearing was not raised at the hearing when it could have been addressed, and, in any event, the aforementioned statutory time frames are directory rather than mandatory. As a result, respondent contends that petitioner must demonstrate that he was prejudiced by the failure to comply with the directive, which he cannot do. Although both parties raise arguments with respect to preservation, respondent acknowledged at oral argument that the time frame for conducting a hearing as mandatory or directory is closely intertwined with preservation and, in this circumstance, is actually the threshold inquiry. In that respect, preservation would be required only if the relevant time frames are directory, as a finding that the provision is mandatory would establish a clear violation requiring annulment of the hearing and determination regardless of preservation (see Matter of Robinson v Lee, 155 AD3d 1169, 1170 [3d Dept 2017]; Matter of Chaney v Selsky, 35 AD3d 1109, 1110 [3d Dept 2006]; Matter of Hopper v Commissioner of Taxation & Fin., 224 AD2d 733, 736 [3d Dept 1996], lv denied 88 NY2d 808 [1996]; see also Matter [*3]of Dickinson v Daines, 15 NY3d 571, 575 [2010]; Matter of Hortman v Division of Licensing Servs., 166 AD3d 1585, 1586 [4th Dept 2018]). Accordingly, we begin there.
"Limits regarding the time within which an administrative agency must act are generally construed as discretionary in the absence of express limits on the authority of the agency to act after the time period" (Matter of ELG Utica Alloys, Inc. v Department of Envtl. Conservation, 116 AD3d 1200, 1203 [3d Dept 2014] [internal quotation marks and citations omitted], appeal dismissed 24 NY3d 929 [2014]; see Matter of Grossman v Rankin, 43 NY2d 493, 501 [1977]). Conversely, "courts have consistently ruled that when the phraseology or language of the statute not only provides a time limit upon an administrative agency to act, but also a limitation on the authority of the agency if it does not act within the required period, that language indicates a legislative intent to make the time limit mandatory, rather than directory" (Matter of City of New York v Novello, 65 AD3d 112, 116 [1st Dept 2009], lv denied 14 NY3d 702 [2010]; see Matter of 989 Hempstead Turnpike, LLC v Town Bd. of the Town of Hempstead, 215 AD3d 668, 670 [2d Dept 2023], lv denied 40 NY3d 903 [2023]).
There is no question that the language in the statute does not expressly limit respondent's ability to act based upon a failure to adhere to the time limitations. On that, we have consistently found that, despite the use of mandatory language, in this case "shall," compliance with the time frames provided in prior versions of 7 NYCRR 251-5.1 are directory in nature (see e.g. Matter of Anselmo v Annucci, 176 AD3d 1283, 1284 [3d Dept 2019]; Matter of Caldwell v Venettozzi, 166 AD3d 1184, 1185 [3d Dept 2018]; Matter of Shearer v Annucci, 155 AD3d 1277, 1278 [3d Dept 2017]). Petitioner, however, suggests that the overall statutory scheme and objectives of the HALT Act — specifically, limiting the amount of time an incarcerated individual may spend in segregated housing — have rendered the provision mandatory (see generally Matter of King v Carey, 57 NY2d 505, 512-513 [1982]). Engaging in such analysis remains "an exception to the general rule" that the time limitation at issue was intended to limit the power of an administrative agency (Matter of Dickinson v Daines, 15 NY3d at 575; see Matter of 160 E. 84th St. Assoc. LLC v New York State Div. of Hous. & Community Renewal, 43 NY3d 275, 286 [2024]). In that respect, when examining the entirety of statutory provisions enacted by the HALT Act with respect to the use of segregated housing, numerous provisions expressly provide directives that limit respondent's authority to utilize segregated housing or mandating that incarcerated individuals be released or diverted to RRU (see e.g. Correction Law § 137 [6] [i] [i]; [k] [i]). The exclusion of any such language from the time frame in which a hearing must be held after an incarcerated individual is placed in segregated housing suggests that [*4]it was not intended to deprive respondent of his authority to proceed with a hearing in the event of a violation. We therefore find that the language requiring that a hearing be completed no later than five days after an incarcerated individual is placed in prehearing segregated confinement remains directory under the HALT Act (see Matter of Coggins v Rodriguez, 236 AD3d 1285, 1286 [3d Dept 2025]; see also Matter of Hannah DD. v Neifeld, 231 AD3d 1331, 1333 [3d Dept 2024]; Matter of Brownell v New York State Justice Ctr. for the Protection of People with Special Needs, 212 AD3d 998, 1001 [3d Dept 2023]; Matter of Pena v New York State Gaming Commn., 127 AD3d 1287, 1289 [3d Dept 2015], appeal dismissed 25 NY3d 1059 [2015], lv denied 26 NY3d 903 [2015]).
In light of our determination, petitioner was required to preserve his contention as to the timeliness of the hearing. Petitioner contends that it was sufficient to raise the argument in an administrative appeal because the Hearing Officer could not grant him any relief during the hearing that would directly resolve the failure to complete the hearing in a timely manner (see e.g. Matter of Morales v Fischer, 89 AD3d 1346, 1346 [3d Dept 2011]). We disagree. Because the timeliness of the hearing is directory, petitioner must demonstrate that he was substantially prejudiced by the delay in order to obtain the relief of annulment that he now seeks (see Matter of 989 Hempstead Turnpike, LLC v Town Bd. of the Town of Hempstead, 215 AD3d at 670; Matter of Pena v New York State Gaming Commn., 127 AD3d at 1290). Thus, an objection at the hearing would permit the parties to create a record with respect to the basis for the delay and provide any other information that would be pertinent to any assertion of substantial prejudice suffered by petitioner. Petitioner's failure to challenge the timeliness of the hearing therefore renders his contention unpreserved (see Matter of Pleasant v Shope, 233 AD3d 1156, 1158 [3d Dept 2024]; Matter of Wiggins v Venettozzi, 203 AD3d 1362, 1363 [3d Dept 2022]; Matter of Lewis v Fischer, 101 AD3d 1317, 1317-1318 [3d Dept 2012]). Petitioner's remaining contentions, to the extent not expressly addressed, have been considered and found unavailing.
Clark, J.P., Pritzker and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: The prior regulatory provision similarly provided that, "[w]here an inmate is confined pending a disciplinary hearing or superintendent's hearing, the hearing must be commenced as soon as is reasonably practicable following the inmate's initial confinement pending said disciplinary hearing or superintendent's hearing, but, in no event may it be commenced beyond seven days of said confinement without authorization of the commissioner or his designee" (7 NYCRR former 251-5.1 [a] [eff. June 15, 1983]).