[610 NYS2d 339]

GERALD D. MILLER, Respondent, v COUNTY OF BROOME et al., Appellants.

Third Department, April 14, 1994

**APPEARANCES OF COUNSEL**

*Joseph James Slocum, County Attorney* of Broome County, Binghamton *(Robert G. Behnke* of counsel), for appellants.

*Aswad & Ingraham,* Binghamton *(Thomas A. Saitta* of counsel), for respondent.

**OPINION OF THE COURT**

CREW III, J.

From March 1, 1959 until his retirement on April 19, 1990, plaintiff was employed by defendant County of Broome in the Sheriff's Department. On December 12, 1986, plaintiff was issued a pager by defendant Broome County Sheriff for the purpose of putting plaintiff on standby duty during those times plaintiff was not on regularly scheduled duty. Pursuant to the terms of a collective bargaining agreement in effect at the time, plaintiff was entitled to additional compensation for the time spent on standby. Plaintiff, however, was never paid such additional compensation.

Following his retirement, plaintiff made a written request for payment of his accumulated standby pay, which was denied. Plaintiff thereafter served a notice of claim upon the County and, on August 20, 1991, commenced the instant action seeking $117,072 in accumulated standby pay. Defendants served their answers and, after discovery was completed, moved for summary judgment dismissing plaintiff's complaint. Supreme Court denied defendants' motion and this appeal ensued.

Defendants argue that plaintiff failed to exhaust his remedies by availing himself of the grievance procedure provided for in the collective bargaining agreement and is thereby precluded from pursuing the instant action. We agree.

It is now well established that where "an employer and a union enter into a collective bargaining agreement that creates a grievance procedure, an employee subject to the agreement may not sue the employer directly for breach of that agreement but must proceed * * * in accordance with the contract" *(Matter of Board of Educ. v Ambach,* 70 NY2d 501, 508, *cert denied sub nom. Margolin v Board of Educ.,* 485 US 1034). There are two exceptions to this rule neither of which apply to this case.

Here, the collective bargaining agreement provided that should a dispute arise over the meaning, application or interpretation of the terms of the agreement, excluding matters pertaining to assignment of employees, the grievance procedure provided for shall be the only manner in which such dispute may be settled. Plaintiff contends that the grievance

procedure is inapplicable to his claim because it involves his assignment to standby duty, a matter specifically exempted by the agreement. We disagree. Plaintiff is not disputing his assignment to standby duty. Rather, he challenges defendants' refusal to compensate him for the hours spent by him in the performance of standby duty. Resolution of that issue turns upon the construction to be given to the collective bargaining agreement and its application to the facts at bar. This is the very type of dispute contemplated by the grievance procedure encompassed in the collective bargaining agreement.

Plaintiff next contends that because he is a retiree and not an employee, he is not required to pursue the grievance procedures established in the collective bargaining agreement. We disagree. It is uncontroverted from a reading of the record that plaintiff was aware that he was entitled to additional compensation for standby duty while he was still in the County's employ. Instead of filing a grievance, however, he simply assumed he would receive that money when he retired.

Plaintiff relies upon *Anderson v Alpha Portland Indus.* (752 F2d 1293, *cert denied* 471 US 1102) and *Quick Air Frgt. v Teamster's Local Union No. 413* (613 F Supp 1263) for the proposition that as a retiree he is not required to pursue the grievance procedure and may bring a suit directly against his employer for breach of contract. However, those cases involved disputes concerning retirement and other benefits due retirees under collective bargaining agreements. In those cases where the disputed benefits accrued during the time the retiree was an employee, the Federal courts have required the retiree to resort to the grievance procedure mandated by the collective bargaining agreement *(see, Lucas v Legal Aid Socy.,* 1989 US Dist LEXIS 1637 [ED NY, Feb. 16, 1989, Glasser, J.]; *Hope v Continental Baking Co.,* 729 F Supp 1556). Indeed, as noted by the court in *Lucas v Legal Aid Socy. (supra,* at \*6-7), with respect to plaintiff's claim for earned but unpaid sick pay, "permitting retired employees to circumvent agreed upon grievance procedures could, in effect, create a class of 'preferred claimants' who, at their convenience, could bypass those provisions created precisely for resolution of the claims they would be raising". Because plaintiff, in the case at bar, was an employee at the time he accrued the disputed standby pay, he is not exempt from the grievance procedure mandated by the collective bargaining agreement merely because he has since retired.

MIKOLL, J. P., MERCURE, WHITE and YESAWICH JR., JJ., concur.

Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendants and complaint dismissed.