■ In the Matter of FLOYD COWART, Appellant, v PHILIP COOMBE, JR., as Commissioner of Correctional Services, Respondent. [669 NYS2d 87] —Appeal from a judgment of the Supreme Court (Torraca, J.), entered March 5, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to challenge respondent's policy of withholding "lag pay" until release.

Petitioner is an inmate serving a prison term which, in the aggregate, totals 80½ years to life. Pursuant to prison directives, $18.80 of compensation earned by petitioner for work performed by him while incarcerated was withheld as "lag pay" which petitioner is entitled to receive upon release from the prison system (*see*, *Allen v Cuomo*, 100 F3d 253, 257-258). Petitioner commenced this CPLR article 78 proceeding challenging the lag pay policy, arguing that because it is unlikely that he will ever be released on parole, the withholding of his earned compensation is irrational. Supreme Court dismissed

the petition and we affirm. The Commissioner of Correctional Services is vested with broad administrative and discretionary authority over inmates' access to wages during imprisonment and is free to hold such earnings in trust until an inmate's release (*see*, Correction Law § 187 [3]; § 189 [1]; *Allen v Cuomo, supra*, at 257). This Court will not interfere with the exercise of such authority absent a showing of a statutory violation or an abuse of discretion (*see*, *People ex rel. Rheim v Lyons*, 276 AD 811, 812, *cert denied* 339 US 925). Finding that neither has been demonstrated here, we agree with Supreme Court that petitioner's argument with respect to the lag pay policy must fail. The judgment dismissing petitioner's application is therefore affirmed.

Mikoll, J. P., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.