■ MONTGOMERY COUNTY DEPUTY SHERIFF'S ASSOCIATION, INC., Plaintiff, and CATHY ANDERSON et al., Appellants, v COUNTY OF MONTGOMERY et al., Respondents. [867 NYS2d 799]—

Carpinello, J.

Plaintiffs Cathy Anderson and Grace De Waal Malefyt (hereinafter collectively referred to as plaintiffs) each worked for a period of time in the title of "part-time" correction officer in Montgomery County. Under the Montgomery County Civil Service Rules and Regulations, part-time employment is defined as "any employment . . . in which an individual works 50% or less of the time prescribed as a normal workweek." Although not set forth in the rules and regulations themselves, there is no dispute that a normal work week for full-time correction officers is 40 hours.

There is also little dispute that during their respective periods of employment in the title of part-time correction officer,

plaintiffs both voluntarily and regularly worked in excess of 20 hours per week and, in fact, in excess of 40 hours per week. They never complained to any County official about the number of hours worked or their compensation. During the time period that each was classified as a part-time correction officer, plaintiff Montgomery County Deputy Sheriff's Association, Inc. (hereinafter Association) represented full-time correction officers pursuant to a collective bargaining agreement between itself and defendants Montgomery County Sheriff and County of Montgomery (hereinafter collectively referred to as defendants). This collective bargaining agreement, by its express terms, applied only to full-time correction officers with no representation on behalf of part-time correction officers. During the time period that plaintiffs were classified part time but working full-time hours, the Association never made any complaints on their behalf or sought to obtain additional compensation or benefits for them.

Plaintiffs were both ultimately appointed "full time" correction officers. Anderson was appointed in January 2000 and Malefyt in January 2003. At no time thereafter did either, or the Association, make a complaint to any County official or file a grievance seeking retroactive benefits for the time period each was classified as a part-time correction officer. Rather, in March 2004—well over four years after Anderson was appointed as a full-time correction officer and some 15 months after Malefyt was so appointed—this declaratory judgment action was commenced against defendants seeking monetary relief in the form of retroactive benefits under the collective bargaining agreement. Following an unsuccessful motion to dismiss pursuant to CPLR 3211 and discovery, Supreme Court granted defendants' cross motion for summary judgment and dismissed the action. This appeal ensued.

Having failed to avail themselves of the grievance procedures outlined under the very collective bargaining agreement on which they now rely for monetary relief, plaintiffs and the Association failed to exhaust administrative remedies and are precluded from pursuing this action (see Matter of Board of Educ., Commack Union Free School Dist. v Ambach, 70 NY2d 501, 508 [1987], cert denied sub nom. Margolin v Board of Educ., Commack Union Free School Dist., 485 US 1034 [1988]; Miller v County of Broome, 197 AD2d 170, 171-172 [1994]). In an attempt to avoid this result, plaintiffs and the Association try to disavow their reliance on the collective bargaining agreement. In particular, they claim that they are not seeking to enforce the collective bargaining agreement but, rather, are alleging a violation of the County Civil Service Rules and Regulations.

First, the complaint belies this notion. In it, plaintiffs and the Association clearly alleged that defendants "have *breached the terms of the collective bargaining agreement* . . . in that they, as [j]oint [e]mployers, denied [p]laintiffs . . . benefits afforded by the collective bargaining agreement to full-time employees while holding the title of '[p]art-time [c]orrection [o]fficer' " (emphasis added). The complaint further alleges that plaintiffs were "denied the benefits contained in the *collective bargaining agreement,* including, but not limited to longevity, health insurance, vacation leave, holiday pay, sick leave, personal time, and increased wages" (emphasis added). Additionally, and significantly, within the claim for relief is a request for a judgment declaring that defendants "breach[ed] . . . the collective bargaining agreement" and "directing [d]efendants to provide [them] with all the benefits available to all full-time employees *under the collective bargaining agreement,* retroactive to the date they were hired" (emphasis added).

Thus, it is clear that the true nature of this action is breach of contract. Putting aside the lack of privity on the part of plaintiffs (*see Leblanc v Security Servs. Unit Empls. of N.Y. State Law Enforcement Officers Union, Council 82, AFSCME, AFL-CIO,* 278 AD2d 732 [2000]), the collective bargaining agreement has clearly-defined grievance and arbitration procedures which neither plaintiffs nor the Association pursued. This is fatal to the instant action (*see Matter of Board of Educ., Commack Union Free School Dist. v Ambach,* 70 NY2d at 501; *Miller v County of Broome,* 197 AD2d at 172).

Moreover, even if we were to view the complaint as simply alleging a violation of the County Civil Service Rules and Regulations—and even assuming that such violation has been established—the monetary remedy for this perceived violation is still being sought under the auspices of the collective bargaining agreement, thus leading to the same result; namely, that plaintiffs and the Association were still required to avail themselves of the grievance and arbitration procedures outlined under the agreement with the failure to do so being fatal to the requested relief (*see id.*).

The remaining contentions have been reviewed and found to be unpersuasive.

Cardona, P.J., Peters, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.