Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review (1) a determination of the Superintendent of the Coxsackie Correctional Facility which found petitioner guilty of violating certain disciplinary rules, (2) two determinations of the Central Office Review Committee which denied petitioner’s grievances, and (3) two determinations of respondent denying certain requests under the Freedom of Information Law.
Petitioner, a prison inmate, commenced this CPLR article 78 proceeding challenging a tier II disciplinary determination find *1296 ing him guilty of harassment and making threats, two determinations of the Central Office Review Committee (hereinafter CORC) which denied certain grievances filed by him, and the denial of two requests for information he filed pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]).* We note that the Department of Corrections and Community Supervision was unable to produce a transcript of petitioner’s tier II disciplinary hearing. Since meaningful appellate review is precluded, the determination of guilt must be annulled and, inasmuch as the failure to produce a transcript “did not involve a substantial evidence issue or implicate any fundamental due process rights” (Matter of Auricchio v Goord, 273 AD2d 571, 572 [2000]; see Matter of Monko v Selsky, 246 AD2d 699, 700 [1998]; Matter of Hillard v Coughlin, 187 AD2d 136, 140 [1993]), the matter must be remitted for a new hearing.
With regard to the denial of petitioner’s grievances, he must demonstrate that CORC’s determination was “irrational, arbitrary and capricious or affected by an error of law” (Matter of Rivera v Fischer, 67 AD3d 1140, 1141 [2009]; accord Matter of Delgado v Artus, 93 AD3d 1041, 1041 [2012]). Here, petitioner filed his initial grievance alleging that he was denied law library callout and accusing facility officials of opening his incoming privileged correspondence outside of his presence in violation of 7 NYCRR 721.3 (b) (1). Shortly after he filed the grievance, a misbehavior report was issued that culminated in the determination of guilt that he challenges in the instant petition. Petitioner thereafter filed another grievance claiming that the misbehavior report was written in retaliation for his prior grievance and that he was denied certain meals while in keeplock. As our review of the record confirms, a thorough investigation was conducted of the allegations in petitioner’s two grievances and they were found to be unsubstantiated. Under these circumstances, CORC’s denial of the grievances will not be overturned (see Matter of Delgado v Artus, 93 AD3d at 1041-1042; Matter of Davis v Burge, 55 AD3d 1162, 1162 [2008]). Moreover, although CORC failed to issue its decisions on the grievances within the 30-day time limit prescribed by 7 NYCRR 701.5 (d) (3) (ii), such a time limit is directory, not mandatory, and petitioner has not alleged or shown that he was substantially prejudiced by either delay (see generally Matter of Austin v Fischer, 70 AD3d 1074, *1297 1074-1075 [2010]; Matter of Ortiz v Goord, 302 AD2d 830, 831 [2003]; Matter of Sheppard v LeFevre, 116 AD2d 867, 868 [1986]). Finally, to the extent that petitioner seeks monetary damages pursuant to his confinement in the special housing unit, such claims may only be asserted in the Court of Claims (see Matter of Taylor v Kennedy, 159 AD2d 827, 827 [1990]).
Lahtinen, J.P., Spain, Garry and Egan Jr., JJ., concur. Adjudged that the determination dated May 3, 2012 rendered after the tier II disciplinary hearing is annulled, without costs, petition granted to that extent and matter remitted to the Superintendent of Coxsackie Correctional Facility for further proceedings not inconsistent with this Court’s decision. Adjudged that the remaining determinations are confirmed, without costs, and petition dismissed to that extent.

 With regard to petitioner’s FOIL requests, inasmuch as he has failed to provide copies of the alleged denials of his requests, our review of these issues is precluded (see Matter of Watson v New York State Dept. of Corr. & Community Supervision, 108 AD3d 817, 818 n [2013]).