■ In the Matter of POLICE BENEVOLENT ASSOCIATION OF NEW YORK STATE, INC., Appellant, v STATE OF NEW YORK et al., Respondents. [55 NYS3d 457]—

Mulvey, J. Appeal from a judgment of the Supreme Court (Hard, J.), entered November 5, 2015 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner is the exclusive bargaining representative for individuals employed as a university police officer (hereinafter UPO) by respondent State University of New York (hereinafter SUNY). In March 2015, petitioner commenced this CPLR article 78 proceeding on behalf of six UPOs seeking, among other things, an order annulling the temporary part-time appointment of respondent Brian Walsh as a UPO at respondent State University of New York, College of Environmental Science and Forestry. Petitioner has alleged that the employment of Walsh violated Civil Service Law § 64, which bars temporary appointments in excess of three months, subject to certain exceptions. Respondents filed a pre-answer motion to dismiss the petition on the ground that petitioner did not exhaust its

administrative remedies, citing a pending grievance filed by petitioner under a collective bargaining agreement (hereinafter the CBA) arising from the hiring of Walsh. Supreme Court granted the motion and dismissed the petition on the ground that the matter was not ripe for judicial review, finding that the grievance had not yet been decided. Petitioner now appeals.

We reverse. We find that the exhaustion of remedies principle is inapplicable and that the matter is ripe for judicial review. "[A] determination made by an administrative agency must first be challenged through every available administrative remedy before it can be raised in a court of law" (*Matter of Hudson Riv. Val., LLC v Empire Zone Designation Bd.*, 115 AD3d 1035, 1037 [2014] [citations omitted]). However, this rule does not apply where "an administrative challenge would be futile or where the issue to be determined is purely a question of law" (*id.* at 1038; *see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]).

The class action grievance filed by petitioner in December 2014 alleged that the appointment of Walsh constituted violations of articles 7, 24 and 27 of the CBA because it deprived full-time UPOs of overtime and seniority rights. The grievance was denied and petitioner followed several appeal steps, culminating with an appeal to the Governor's Office of Employee Relations (hereinafter GOER). At the time that this proceeding was filed in March 2015, GOER had not yet issued a determination.*

Notably, the petition before us does not challenge any grievance determination by SUNY, nor does it cite a breach of any provision of the CBA as a basis for relief (*compare Montgomery County Deputy Sheriff's Assn., Inc. v County of Montgomery*, 57 AD3d 1061, 1063 [2008]). Instead, it challenges the appointment of Walsh on the ground that it violated Civil Service Law § 64. Although the remedies sought include an award of back pay for lost overtime assignments, available only under the CBA, counsel for petitioner confirmed, at oral argument of this appeal, that petitioner was no longer seeking such an award. Because petitioner does not allege that SUNY violated the CBA, but instead alleges a statutory violation, it was not required to use the CBA's grievance procedure (*see Matter of Barrera v Frontier Cent. School Dist.*, 227 AD2d 890, 891 [1996]). Article 7 of the CBA limits the grievance process to

---

* The parties have since confirmed that GOER denied the grievance in June 2015, and that no demand for arbitration was filed or served by petitioner.

three types of disputes: first, concerning the application and/or interpretation of the CBA [7.1 (a)]; second, concerning a term or condition of employment [7.1 (b)]; and third, concerning a claim of improper or unjust discipline [7.1 (c)]. None of these provisions can be reasonably viewed as applicable to an (alleged) unlawful appointment by SUNY. Since these provisions are inapplicable, use of the grievance process to challenge the appointment on statutory grounds would have been futile (*see Matter of Moses v Rensselaer County*, 262 AD2d 697, 700 [1999]). Given that the appointment of Walsh is final, is alleged to have resulted in an actual, concrete injury to petitioner and because the question presented is "purely legal," we find that the matter is ripe for judicial review (*Matter of Adirondack Council, Inc. v Adirondack Park Agency*, 92 AD3d 188, 190-191 [2012] [internal quotation marks and citation omitted]). As such, Supreme Court erred in granting respondents' pre-answer motion to dismiss.

Peters, P.J., Garry, Devine and Aarons, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motion denied, and matter remitted to the Supreme Court to permit respondents to serve an answer within 20 days of the date of this Court's decision.