Matter of Hendricks v Annucci (2020 NY Slip Op 00188)





Matter of Hendricks v Annucci


2020 NY Slip Op 00188


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

527677

[*1]In the Matter of Andrew Hendricks, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: December 17, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Reynolds Fitzgerald, JJ.


Andrew Hendricks, Dannemora, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondents.



Reynolds Fitzgerald, J.
Appeals (1) from a judgment of the Supreme Court (Feldstein, J.), entered March 18, 2019 in Clinton County, which, in a proceeding pursuant to CPLR article 78, among other things, granted respondents' motion to dismiss the petition, and (2) from an order of said court, entered March 12, 2019 in Clinton County, which dismissed the amended petition.
After petitioner was removed from his job in the prison tailor shop, he filed a grievance claiming that his removal was for retaliatory reasons. The Inmate Grievance Resolution Committee denied the grievance and the denial was subsequently upheld by respondent Superintendent of Clinton Correctional Facility. On February 6, 2018, petitioner appealed to the Central Office Review Committee (hereinafter CORC). In April 2018, prior to receiving a determination from CORC on the administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the denial of the grievance. Respondents, in turn, moved to dismiss the petition on the ground that petitioner failed to exhaust administrative remedies. Before Supreme Court decided the motion, petitioner sought to file an amended petition. By letter, denominated an order, Supreme Court declined to consider the amended petition because petitioner failed to seek leave to amend the petition. The court then issued a judgment granting respondents' motion and dismissed the petition. Petitioner appeals.
Petitioner contends, among other things, that Supreme Court erroneously dismissed his petition for failure to exhaust administrative remedies. Specifically, he asserts that he timely appealed the grievance determination to CORC and commenced this CPLR article 78 proceeding only after CORC failed to issue a determination within 30 days as required by 7 NYCRR 701.5 (d) (3) (iii). That regulation provides, in relevant part, that "CORC shall review each appeal, render a decision on the grievance, and transmit its decision to the facility . . . and any direct parties within 30 calendar days from the time the appeal was received" (7 NYCRR 701.5 [d] [3] [ii]). It is undisputed that CORC did not render its decision within 30 days of petitioner's February 6, 2018 appeal. However, contrary to petitioner's claim, this Court has held that the time limitations set forth in 7 NYCRR 701.5 (d) (3) (ii) are directory, not mandatory (see Matter of Golston v Director of Div. of Nutritional Servs., 168 AD3d 1299, 1300 [2019]; Matter of Jones v Fischer, 110 AD3d 1295, 1296 [2013], appeal dismissed 23 NY3d 955 [2014]). As such, petitioner must demonstrate that he was substantially prejudiced by CORC's delay in issuing a decision (see Matter of Golston v Director of Div. of Nutritional Servs., 168 AD3d at 1300; Matter of Jones v Fischer, 110 AD3d at 1296). Petitioner has not made that showing here. Accordingly, we find no error in Supreme Court's dismissal of the petition as premature.
Petitioner also challenges Supreme Court's failure to consider his amended petition and asserts that, because respondents' motion to dismiss was still pending at that time, he was not required to obtain leave of court. We are not persuaded. The procedure governing CPLR article 78 proceedings is set forth in CPLR 7804. With regard to pleadings, CPLR 7804 (d) specifically provides for service of a verified petition, verified answer and reply to a counterclaim or to new matter in the answer. As for other pleadings, the statute states that "[t]he court may permit such other pleadings as are authorized in an action upon such terms as it may specify" (CPLR 7804 [d]; see CPLR 402; Matter of Nagubandi v Polentz, 131 AD3d 639, 641 [2015]; Matter of Gomez v Fischer, 101 AD3d 1195, 1196 [2012]). In view of this, it was incumbent upon petitioner to obtain the court's permission to file the amended petition and, having failed to do so, Supreme Court was not bound to consider it.
We have considered petitioner's remaining contentions and find them to be unavailing.
Lynch, J.P., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the judgment and order are affirmed, without costs.