Matter of McMillian v Krygier (2021 NY Slip Op 04638)





Matter of McMillian v Krygier


2021 NY Slip Op 04638


Decided on August 5, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:August 5, 2021

531720
[*1]In the Matter of Frederick McMillian, Appellant,
v
Joyce Krygier, as Grievance Supervisor, et al., Respondents.

Calendar Date:June 17, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ.

Frederick McMillian, Alden, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondents.



Garry, P.J.
(1) Appeal from a judgment of the Supreme Court (McDonough, J.), entered April 23, 2020 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Superintendent of Wende Correctional Facility denying his grievance, and (2) motion to strike prejudicial matter from respondents' brief.
Petitioner, an incarcerated person, was assigned to work in the prison mess hall. In January 2018, the Department of Corrections and Community Supervision (hereinafter DOCCS) reduced his pay rate due to his refusal to participate in certain programming. After attempting to informally resolve his dispute, he filed a grievance challenging the pay reduction (see 7 NYCRR 701.3 [a]; see also 7 NYCRR 701.1 [a], [b]). The matter came before the Inmate Grievance Review Committee, which deadlocked on the issue. The grievance was referred to the facility Superintendent, who denied relief. Petitioner appealed the denial to the Central Office Review Committee (hereinafter CORC). Eight months later, not having received a decision from CORC, petitioner commenced this CPLR article 78 proceeding challenging the Superintendent's denial. Following joinder of issue, Supreme Court dismissed the petition on the merits. This appeal by petitioner ensued.[FN1]
Initially, we reject respondents' argument that the petition should have been dismissed due to petitioner's failure to exhaust administrative remedies.[FN2] Exhaustion is not required where, among other things, "an administrative challenge would be futile or where the issue to be determined is purely a question of law" (Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 150 AD3d 1375, 1376 [2017] [internal quotation marks and citation omitted]; see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; Matter of Cady v Clark, 176 AD2d 1055, 1056 [1991]). Here, we find that both of these stated exceptions apply. Petitioner admits that, on January 11, 2018, he refused to participate in a recommended alcohol and substance abuse treatment program. It is undisputed that, on January 15, 2018, DOCCS reduced his hourly pay rate from $0.25 to $0.16 based on that refusal. Petitioner further admits that, in May 2018, he refused to participate in aggression replacement training when it was recommended. DOCCS asserts that this later refusal to participate in recommended programming would also warrant the reduction in petitioner's pay rate. With these facts undisputed, petitioner has presented pure questions of law regarding which of DOCCS's directives or manuals apply to this situation, and whether such written policies exceed DOCCS's statutory authorization.
Moreover, pursuant to a DOCCS's regulation, "CORC shall review each appeal, render a decision on the grievance, and transmit its decision to the facility . . . and any direct parties within 30 calendar days from the time the appeal was received" (7 NYCRR 701.5 [d] [3][*2][ii]). Although use of the word "shall" generally denotes a mandatory requirement (see e.g. Matter of Haynie v Mahoney, 48 NY2d 718, 719 [1979]; Matter of Kardos v Ryan, 28 AD3d 1050, 1051 [2006]), when addressing time limits imposed on agencies and officials, courts have held that, "'unless the language used [in a statute or regulation] shows that the designation of time was intended as a limitation on the power of the body or officer, the provision is directory rather than mandatory'" (Matter of Meyers v Maul, 249 AD2d 796, 797 [1998], lv denied 92 NY2d 807 [1998], quoting Matter of Grossman v Rankin, 43 NY2d 493, 501 [1977] [noting that a failure to timely comply does not divest the agency of jurisdiction]). Thus, interpreting this regulation, this Court has previously held that the language is merely directory, requiring a grievant seeking to avoid exhausting administrative remedies to demonstrate that he or she was substantially prejudiced by CORC's delay in issuing a decision (see Matter of Hendricks v Annucci, 179 AD3d 1232, 1233 [2020], lv denied 35 NY3d 913 [2020]; Matter of Golston v Director of Div. of Nutritional Servs., 168 AD3d 1299, 1300 [2019]).
A regulation addressing the three-step grievance process — (1) Inmate Grievance Review Committee, (2) facility superintendent, then (3) CORC — provides that, "[a]bsent [an] extension, matters not decided within the time limits may be appealed to the next step" (7 NYCRR 701.6 [g] [2]). There have been differing interpretations of this language in the relevant decisions rendered in the federal courts. Some have noted that "it is not clear whether the language in [that regulation] applies to . . . CORC, and if so, what the 'next step' is. The regulations do not describe a mechanism for appealing or advancing a grievance when a grievant does not receive a response from CORC" (Sherwood v Senecal, 2019 WL 4564881, *3, 2019 US Dist LEXIS 160295, *6-7 [ND NY, Sept. 20, 2019, No. 9:17-CV-00899 (BKS/TWD)] [internal quotation marks and citations omitted]; compare Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation, 169 AD3d 1307, 1311-1313 [2019] [noting that an agency's failure to respond to a Freedom of Information Law administrative appeal within the required time frame constitutes a constructive denial], lv dismissed 34 NY3d 1010 [2019]; Matter of Jackson v Albany County Dist. Attorney's Off., 176 AD3d 1420, 1421 [2019] [same], citing Public Officers Law § 89 [4] [a]).[FN3] One court compared prior cases and described a "split in [federal] district court cases within the Second Circuit regarding whether a failure by CORC to timely decide an appeal . . . renders a prisoner's administrative remedies unavailable," such that exhaustion is not required (Mayandeunas v Bigelow, 2019 WL 3955484, *3, 2019 US Dist LEXIS 142452, *8-9 [ND NY, Aug. 22, 2019, No. 9:18-CV-1161 (GTS/TWD)]). That court concluded that a reasonable limit must be placed on the time that CORC takes to issue a decision[*3], after which a prisoner can deem the administrative appeal to have been constructively denied (Mayandeunas v Bigelow, 2019 WL 3955484 at *4, 2019 US Dist LEXIS 142452 at *10-11).[FN4]
Under that analysis, delays by CORC ranging from 80 to 134 days beyond the regulation's 30-day limit have been deemed too long for a CORC determination to be considered an available administrative remedy; "[a]t some point CORC must face the consequences of its delays" (Mayandeunas v Bigelow, 2019 WL 3955484 at *5, 2019 US Dist LEXIS 142452 at *13; compare Matter of Hendricks v Annucci, 179 AD3d at 1233 [finding that exhaustion rule applied where inmate commenced court proceeding less than two months after 30-day period expired]). Here, petitioner filed his administrative appeal with CORC on December 12, 2018 and commenced this proceeding on August 19, 2019. He waited more than eight months without having received a decision — which is seven months after CORC's 30-day limit had expired — before he commenced this proceeding.[FN5] To the extent that the regulations are unclear regarding whether CORC's failure to decide an appeal within 30 days constitutes a constructive denial, a grievant is placed in a catch-22 situation — if he or she files a CPLR article 78 proceeding before receiving a decision from CORC, DOCCS may seek dismissal based on the defense of failure to exhaust administrative remedies, but, if the grievant does not commence a court proceeding within four months after the 30-day decision period, he or she risks the possibility of DOCCS seeking dismissal based on a statute of limitations defense (cf. Matter of Jewish Press, Inc. v New York City Dept. of Hous. Preserv. & Dev., 193 AD3d 483, 483 [2021] [dismissing proceeding as untimely because not commenced within four months of agency's constructive denial of administrative appeal]). This untenable position, which arises from the confluence of CORC's failure to comply with the regulation's time frame for deciding administrative appeals and the lack of clarity in a different DOCCS regulation, creates substantial prejudice to a grievant such as petitioner (compare Matter of Walker v Uhler, 185 AD3d 1363, 1364 [2020]). Under the circumstances, we find that exhaustion should be excused based on the futility exception.[FN6]
Turning to the merits, petitioner first contends that DOCCS incorrectly applied Directive No. 4802, entitled Inmate Payroll Standards, to reduce his pay rate, despite that document explicitly stating that "[i]nmates employed in the facility food service program will have their wages and working conditions governed by the 'Food Service Operations Manual'" (Dept of Corr & Community Supervision Directive No. 4802 § I [B]). Other directives applicable to all inmates provide that inmates are expected to accept program assignments and those who refuse such assignments, including educational or therapeutic programs, may be subject to administrative action, including being limited to the lowest pay rate[*4](see Dept of Corr & Community Supervision Directive No. 4401 § IV [C] [7]; Dept of Corr & Community Supervision Directive No. 4803 §§ II, VII [A]; VIII [C]). Petitioner cites Food Service Operations Manual § 18 (5) (B) as supporting his position that the manual delineates rates of pay for food service workers with no mention of decreases for refusal to participate in programming. Although he included three pages of section 18 as an attachment to his petition, and those pages support his argument, it is impossible to determine which edition of the manual contained these pages. We must rely on the May 2014 edition, which was in effect at the time that DOCCS reduced petitioner's pay rate.[FN7] That edition does not contain a section 18. Additionally, petitioner's reliance on Matter of Carrasquillo v Fisher (Sup Ct, Albany County, Nov. 25, 2014, O'Connor, J., index No. 170-14) is misplaced, as that decision addressed actions taken by DOCCS before the May 2014 edition of the manual was applicable.
The May 2014 Food Service Operations Manual states that "all medically cleared offenders are expected to accept a program which is offered by the Program Committee Chairperson. Offenders who refuse program assignments may be subject to administrative action. Refusal to participate in a mandatory program, such as school or a therapeutic program, may result in reduction in pay and/or pay grade. For example: an offender who is refusing mandatory programs and is currently assigned as a non-industrial food service worker at a rate of $0.25 per hour would immediately have a change of hourly rate to $0.16 per hour" (Dept of Corr & Community Supervision Food Service Operations Manual § 12 [I] [May 2014 ed]; see Dept of Corr & Community Supervision Directive No. 4310). This example precisely matches petitioner's circumstances. Accordingly, DOCCS complied with the relevant written policies when reducing petitioner's rate of pay based upon his refusal to participate in recommended programming.
Petitioner next argues that DOCCS's written policies exceed its statutory authority. Specifically, he asserts that Correction Law § 187, through plain language and legislative intent, limits DOCCS's ability to set pay rates to the work performed in an assigned job, and any rules or directives reducing pay for non-work-related reasons violate that statute. Correction Law § 187, entitled "Earnings of Inmates," states that inmates may receive compensation for work performed while incarcerated (see Correction Law § 187 [1]). The statute requires DOCCS to adopt rules for establishing a system of compensation for inmates (see Correction Law § 187 [2]). "Such rules shall provide for the payment of compensation to each inmate, who shall meet the requirements established by [DOCCS], based upon the work performed by such inmates" (Correction Law § 187 [2]). Petitioner relies on the last phrase to assert that DOCCS's compensation system must be based solely on the work performed[*5]. However, he ignores the preceding phrase, which gives DOCCS discretion to establish requirements for inmates to receive compensation or certain pay rates. Thus, the Legislature granted DOCCS the authority to enact rules placing requirements or conditions on inmate compensation (see Matter of Cowart v Coombe, 247 AD2d 729, 730 [1998], lv denied 92 NY2d 803 [1998]). DOCCS acted within that authority when it established rules that encourage inmates to participate in recommended programming by linking a reduction in pay rate to any program refusal.
Egan Jr. and Reynolds Fitzgerald, JJ., concur.
Pritzker, J. (concurring).
We agree with the majority that, because petitioner's CPLR article 78 proceeding presents a pure question of law, petitioner was not required to exhaust his administrative remedies (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 150 AD3d 1375, 1376 [2017]; Matter of Cady v Clark, 176 AD2d 1055, 1056 [1991]). We also agree with the majority's well-reasoned conclusion that the decision of Supreme Court should be affirmed on the merits because the Department of Corrections and Community Supervision (hereinafter DOCCS) did not exceed its statutory authority in enacting the policies at issue and also properly applied them. However, we write separately because it is our opinion that it is unnecessary to venture beyond these two points and that the majority's holding regarding the applicability of the futility exception to administrative exhaustion departs from, and effectively overrules, this Court's established and recent jurisprudence.
To that end, it is well settled that the 30-day time frame set forth in 7 NYCRR 701.5 (d) (3) (ii) within which the Central Office Review Committee (hereinafter CORC) is required to issue a decision on an inmate's appeal is directory, not mandatory, and to avoid dismissal for the failure to exhaust administrative remedies, a petitioner must demonstrate substantial prejudice resulting from any delay beyond that time frame (see Matter of Walker v Uhler, 185 AD3d 1363, 1364 [2020]; Matter of Hendricks v Annucci, 179 AD3d 1232, 1233 [2020], lv denied 35 NY3d 913 [2020]; Matter of Golston v Director of Div. of Nutritional Servs., 168 AD3d 1299, 1300 [2019]; Matter of Jones v Fischer, 110 AD3d 1295, 1296 [2013], appeal dismissed 23 NY3d 955 [2014]). Here, however, petitioner has not alleged any prejudice, let alone "substantial prejudice," and, although the administrative delay was lengthy, substantial prejudice cannot be shown under these circumstances. To be sure, because exhaustion does not apply in the first instance given that the petition presents a pure question of law, by extension, petitioner could have commenced this proceeding prior to CORC issuing a final decision; hence, the second exception is not relevant. Further, on a more practical level, CORC's delay did not deprive petitioner of [*6]any evidence or materials necessary to pursue his claim because the question is one of pure law on uncontested facts. Indeed, the delay only resulted in a belated rejection of petitioner's claims on the merits.
We also disagree with the majority's conclusion that petitioner was prejudiced by the interplay between the administrative delay and the four-month statute of limitations. Specifically, the majority asserts that petitioner could potentially be whipsawed because, if he waited until final administrative action to bring his proceeding, DOCCS could then argue that the grievance was constructively denied more than four months prior to commencement of the proceeding and assert a successful statute of limitations defense.[FN8] First, this assertion is purely hypothetical as no statute of limitations defense was pleaded and thus petitioner was not substantially prejudiced thereby. Second, the majority's determination could result in a per se finding of substantial prejudice any time "the grievant does not commence a court proceeding within four months after the 30-day decision period," without the petitioner being required to demonstrate that the delay caused any prejudice at all. In our view, this holding ostensibly overrules our prior case law and runs afoul of the long-established standard requiring a showing by a petitioner of substantial prejudice before invoking the futility exception based upon administrative delay under these circumstances (compare Matter of Walker v Uhler, 185 AD3d at 1364; Matter of Hendricks v Annucci, 179 AD3d at 1233; Matter of Golston v Director of Div. of Nutritional Servs., 168 AD3d at 1300; Matter of Jones v Fischer, 110 AD3d at 1296).
Clark, J., concurs.
ORDERED that the motion is denied, without costs.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Petitioner moved to strike certain documents attached to respondents' brief because they were versions not in effect at the relevant time. This Court can take judicial notice of DOCCS's relevant policies and will ignore irrelevant ones, so petitioner is not prejudiced by the addendum. Accordingly, we deny the motion.

Footnote 2: Respondents raised the defense of failure to exhaust administrative remedies in their answer, as the sole argument in their memorandum of law to Supreme Court and, as an alternative ground for affirmance, in their appellate brief. Supreme Court addressed the merits after assuming, without deciding, that petitioner established an exception to the exhaustion doctrine. It is most appropriate for this Court to first address this defense, which presents a threshold issue, before turning to the merits (see Matter of Woodland Community Assn. v Planning Bd. of Town of Shandaken, 52 AD3d 991, 992 [2008]; Cherry v Koch, 126 AD2d 346, 350 [1987] [noting that the court was "compelled to address [a] threshold issue"], lv denied 70 NY2d 603 [1987]; see also Saratoga Chamber of Commerce v Pataki, 100 NY2d 801, 808 [2003], cert denied 540 US 1017 [2003]).

Footnote 3: If deemed necessary or desirable, DOCCS has the authority to draft new regulations or amend its current regulations. However, after having enacted regulations — including 7 NYCRR 701.5 (d) (3) (ii) with its requirement that CORC act within 30 days — and until such regulations are amended or repealed, DOCCS must adhere to them or face the consequences of ignoring them (see Matter of Salinsky v Rodriguez, 155 AD3d 1214, 1215 [2017]; see also Matter of Cumberland v Annucci, 161 AD3d 859, 860-861 [2018]).

Footnote 4: Numerous federal cases have reached opposite conclusions "regarding what kind of delay by . . . CORC in deciding a prisoner's grievance renders exhaustion unavailable" (Young v Shipman, 2020 WL 1329159, *2, 2020 US Dist LEXIS 49432, *4 [ND NY, Mar. 23, 2020, No. 9:18-CV-00782 (BKS/ML)]; compare Sherwood v Senecal, 2019 WL 4564881 at *2-4, 2019 US Dist LEXIS 160295 at *4-8, and Mayandeunas v Bigelow, 2019 WL 3955484 at *4, 2019 US Dist LEXIS 142452 at *10-11, and Lovell v McAuliffe, 2019 WL 4143361, 2019 US Dist LEXIS 74402 [ND NY May 1, 2019, No. 18-CV-0685], report and recommendation adopted 2019 WL 4142593, 2019 US Dist LEXIS 147890 [ND NY Aug. 30, 2019], and Bell v Napoli, 2018 WL 6506072, 2018 US Dist LEXIS 208503 [ND NY Dec. 11, 2018, No. 17-CV-850], and Yates v Smith, 2018 WL 4635715, 2018 US Dist LEXIS 116276 [ND NY July 11, 2018, No. 17-CV-1227], report and recommendation adopted 2018 WL 3727357, 2018 US Dist LEXIS 131450 [ND NY Aug. 6, 2018], and High v Switz, 2018 WL 3736794, 2018 US Dist LEXIS 114403 [ND NY July 9, 2018, No. 17-cv-1067], report and recommendation adopted 2018 WL 3730175, 2018 US Dist LEXIS 131446 [ND NY Aug. 6, 2018], with Dublino v Schenk, 2020 WL 263664, 2020 US Dist LEXIS 8214 [ND NY Jan. 17, 2020, No. 19-CV-381], and Staples v Patane, 2018 WL 7361009, 2018 US Dist LEXIS 207971 [ND NY Dec. 7, 2018, No. 17-CV-0703], report and recommendation adopted 2019 WL 757937, 2019 US Dist LEXIS 26563 [ND NY Feb. 20, 2019], and Berkley v Ware, 2018 WL 3736791, 2018 US Dist LEXIS 113521 [ND NY July 6, 2018, No. 16-CV-1326], report and recommendation adopted 2018 WL 3730173, 2018 US Dist LEXIS 131445 [ND NY Aug. 6, 2018]).

Footnote 5: CORC eventually issued a decision affirming the Superintendent's decision on January 15, 2020 — more than a full year beyond its 30-day limit and almost five months after this proceeding was commenced. Although petitioner could have moved to amend the petition to address CORC's decision, he would have needed to obtain court permission or a stipulation from respondents to do so (see CPLR 3025 [b]). Moreover, by the time CORC finally issued its decision, the petition, answer and reply had all been filed and the parties were awaiting a decision from Supreme Court.

Footnote 6: To address some concerns set forth in the concurring opinion, it is not our intention to propose a "per se rule." Nonetheless, considering the surrounding circumstances present here, the notably extensive delay was sufficient to result in substantial prejudice.

Footnote 7: Respondents' addendum includes the April 2018 edition, as that was the edition in place when petitioner filed his grievance. In any event, the relevant section of this latest edition includes language identical to the May 2014 edition. If DOCCS does not make the relevant or most recent editions of its manuals available in facility law libraries, we encourage it to do so.

Footnote 8: In support of this assertion, the majority cites to Matter of Jewish Press, Inc. v New York City Dept. of Hous. Preserv. & Dev. (193 AD3d 483, 483 [2021]), but that case differs from the case at hand in two significant respects. First, that case involves a constructive denial under the Freedom of Information Law (see Public Officers Law §§ 84-90) that is statutorily based and does not require a finding of substantial prejudice. Second, the respondent in that case asserted the statute of limitations as a defense in its motion to dismiss.