Matter of Barletta v Martuscello

2026 NY Slip Op 03213

May 21, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Daniel A. Barletta, Appellant,

v

Daniel F. Martuscello III, as Commissioner of Corrections and Community Supervision, Respondent.

Decided and Entered:May 21, 2026

CV-25-1054

Calendar Date: April 17, 2026

Before: Aarons, J.P., Ceresia, Fisher, Powers And Ryba, JJ.

Daniel A. Barletta, Elmira, appellant pro se.

Letitia James, Attorney General, Albany (William M. Hayes of counsel), for respondent.

[*1]

Appeal from a judgment of the Supreme Court (Adam Silverman, J.), entered June 18, 2025 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner, an incarcerated individual, filed a grievance challenging a Department of Corrections and Community Supervision directive that, although permitting acrylic paints, does not permit oil-based paints in correctional facilities. After the Incarcerated Grievance Resolution Committee agreed that petitioner should be allowed a special permit to own and use oil-based paint, the matter was forwarded to the superintendent. The superintendent disagreed and denied the grievance. Petitioner appealed the denial to the Central Office Review Committee (hereinafter CORC), which appeal was received by CORC on or about September 25, 2024.

On December 26, 2024, prior to CORC rendering a determination, petitioner commenced this CPLR article 78 proceeding contending that the decision to restrict the use of oil-based paints was arbitrary and capricious. Supreme Court granted respondent's motion to dismiss the petition for petitioner's failure to exhaust his administrative remedies. This appeal ensued.FN1

We affirm. Although CORC did not issue a final decision within the 30-day time limit set forth in 7 NYCRR 701.5 (d) (3) (ii), such time limits are directory, not mandatory (see Matter of Barletta v Martuscello, 240 AD3d 1107, 1108-1109 [3d Dept 2025]; Matter of McMillian v Krygier, 197 AD3d 800, 801-802 [3d Dept 2021]). As such, petitioner was required to demonstrate that he was substantially prejudiced by CORC's delay and thereby excused from exhausting his administrative remedies (see Matter of McMillian v Krygier, 197 AD3d at 802; Matter of Hendricks v Annucci, 179 AD3d 1232, 1233 [3d Dept 2020], lv denied 35 NY3d 913 [2020], cert denied ___ US ___, 142 S Ct 189 [2021]; Matter of Golston v Director of Div. of Nutritional Servs., 168 AD3d 1299, 1300 [3d Dept 2019]). As petitioner has not made such a showing here, "CORC was not divested of jurisdiction" (Matter of Golston v Director of Div. of Nutritional Servs., 168 AD3d at 1300; see Matter of Walker v Uhler, 185 AD3d 1363, 1364 [3d Dept 2020]). Accordingly, we find no error in Supreme Court granting the motion to dismiss the petition given that petitioner did not exhaust his administrative remedies prior to commencing this CPLR article 78 proceeding (see Matter of Barletta v Martuscello, 240 AD3d at 1109; Matter of Hendricks v Annucci, 179 AD3d at 1233-1234; Matter of Golston v Director of Div. of Nutritional Servs., 168 AD3d at 1300-1301). To the extent not specifically addressed, petitioner's remaining challenges to the grievance process have been reviewed and found to be without merit.

Aarons, J.P., Ceresia, Fisher, Powers and Ryba, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1

In a decision rendered May 8, 2025, CORC denied petitioner's grievance finding no compelling reason to revise the challenged directive to allow petitioner oil-based paints.